UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CRISTI DIVISION

CHAD EVERETTE SINGLETON     ✱
   -THE PLAINTIFF-

-V-
                            ✱
DARREN WALLACE, NORRIS JACKSON,
JOHNNY MILES, STACY JACKSON,
JOHN DOE A, HECTOR VASQUEZ,    ✱   CAUSE NO. C 00 062
DANIEL FERNANDEZ, AURELIO AMBRIZ,
JOHN DOE B, EDWIN LANG,
JOHN DOE C AND JOHN DOE D,
SUED IN THEIR INDIVIDUAL
CAPACITIES                  ✱
   -THE DEFENDANTS-
                            ✱

United States District Court
Southern District of Texas
FILED

FEB 14 2000

MICHAEL N. MILBY CLERK

## COMPLAINT

### PRELIMINARY STATEMENT

1. THIS IS A CIVIL RIGHTS ACTION FILED BY CHAD E. SINGLETON, A STATE PRISONER, FOR DAMAGES UNDER 42 U.S.C. §1983 ALLEGING UNJUSTIFIED DENIALS OF HIS LEVEL PROMOTIONS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### JURISDICTION

2. THE COURT HAS JURISDICTION OVER THE PLAINTIFFS' CLAIM OF A VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §§ 1331(a) AND 1343.

## PARTIES

3. The Plaintiff, Chad E. Singleton, was incarcerated at the William G. McConnell Unit ("McConnell") and housed in Administrative Segregation ("AdSeg") during the events described in this complaint.

4. Defendant Darren Wallace was an AdSeg Lieutenant in charge of the line supervisors in AdSeg at McConnell. He is sued in his individual capacity.

5. Defendant Norris Jackson is an AdSeg Major and Chief Supervising Officer over operations in AdSeg at McConnell. He is sued in his individual capacity.

6. Defendant Johnny Miles is an AdSeg Sergeant in charge of supervising all non-ranking correctional officers in AdSeg at McConnell. He is sued in his individual capacity.

7. Defendant Stacy Jackson is an AdSeg Captain in charge of supervising lieutenants, sergeants, and correctional officers in AdSeg at McConnell. He is sued in his individual capacity.

8. Defendant John Doe A is an AdSeg Sergeant in charge of supervising all non-ranking correctional officers in AdSeg at McConnell. His name is presently unknown to the Plaintiff. He is sued in his individual capacity.

9. Defendant Hector Vasquez is a non-ranking correctional officer working in AdSeg at McConnell. He is sued in his individual capacity.

10. Defendant Daniel Fernandez is an AdSeg Captain in charge of supervising lieutenants, sergeants, and correctional officers in AdSeg at McConnell. He is sued in his individual capacity.

PG. 2 OF 7 PP.

11. DEFENDANT AURELIO AMBRIZ IS AN AdSeg LIEUTENANT IN CHARGE OF THE LINE SUPERVISORS IN Ad.Seg. AT McCONNELL. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

12. DEFENDANT JOHN DOE B IS A NON-RANKING CORRECTIONAL OFFICER WORKING IN Ad.Seg. AT McCONNELL. HIS NAME IS PRESENTLY UNKNOWN TO THE PLAINTIFF. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

13. DEFENDANT EDWIN LANG IS A HIGH SECURITY CAPTAIN IN CHARGE OF SUPERVISING LIEUTENANTS, SERGEANTS, AND CORRECTIONAL OFFICERS WORKING ON CLOSE CUSTODY AT McCONNELL. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

14. DEFENDANTS JOHN DOE C AND JOHN DOE D ARE EMPLOYED AT McCONNELL. THEIR NAMES AND POSITIONS ARE PRESENTLY UNKNOWN TO THE PLAINTIFF. THEY ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

15. ALL OF THE DEFENDANTS HAVE ACTED AND CONTINUE TO ACT UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS OF THE CASE

16. THE PLAINTIFF IS A PRISONER ASSIGNED TO THE McCONNELL UNIT AND HE IS HOUSED IN Ad.Seg.

17. THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ") HAS AN ESTABLISHED PLAN AND OPERATIONS MANUAL THAT GOVERNS THE STRUCTURE AND MOTUS OPERANDI OF AdSeg. THE PROPER NAME OF THIS PLAN IS ADMINISTRATIVE DIRECTIVE 03.50 ("AD-03.50").

18. UNDER THE PLAN SET OUT IN AD-03.50 THERE ARE THREE SECURITY LEVELS TO MANAGE PRISONERS HOUSED IN Ad.Seg - LEVEL THREE; LEVEL TWO; AND LEVEL ONE.

19. Level three is the highest and most restrictive security level in AdSeg. It is for prisoners who are cronic rule violators with a recent history (i.e. within the past three months) of assaultive or aggressive disciplinary infractions. "Assaultive or aggressive" rule violations are:

   (A) Inmate assaults with weapons;
   (B) Weapons possessions;
   (C) Assaults or attempted assaults on inmates or staff; and
   (D) Fighting with or without a weapon.

The Plaintiff was and is a Level Three.

20. Level two is the second highest security level and affords prisoners more privileges than level three. Level two is for prisoners who are cronic rule violators but whose violations are not assaultive or aggressive in nature.

21. Level one is the lowest and least restrictive security level and affords prisoners many more privileges than either level two or level three. Level one is for prisoners who are not cronic rule violators and who have generally been maintaining good behavior.

22. Prisoners are evaluated every thirty days for either promotion or continuation in their level assignment.

23. The administrative body responsible for evaluating prisoners' level assignment is the Administrative Segregation Committee ("ASC").

24. The ASC is an ad hoc committee that is suppose to be made up of prison personnel working in AdSeg. All of the defendants named or referred to in this complaint sat on the various ASC committees that evaluated and denied the Plaintiff his level promotions.

PG. 4 OF 7 PP.

25. ON SEPTEMBER 23, 1999 DEFENDANTS WALLACE, N. JACKSON AND MILES SAT ON THE ASC AND DENIED THE PLAINTIFF HIS LEVEL PROMOTION FOR A POSSESSION OF A WEAPON CASE PLAINTIFF RECIEVED ON JUNE 4, 1999. AT THE TIME OF THEIR DECISION THE WEAPON CASE WAS 110 DAYS OLD AND THEREFORE NOT "RECENT" WITHIN THE MEANING SET OUT IN AD-03.50. THE PLAINTIFF SHOULD HAVE BEEN PROMOTED TO LEVEL 2 AT THIS ASC HEARING.

26. ON OCTOBER 22, 1999 DEFENDANTS S. JACKSON, DOE A AND VASQUEZ SAT ON THE ASC AND DENIED THE PLAINTIFF HIS LEVEL PROMOTION FOR ABSOLUTELY NO REASON AT ALL. THE PLAINTIFF COULD HAVE AND SHOULD HAVE BEEN PROMOTED TO LEVEL TWO AT THIS ASC HEARING.

27. ON NOVEMBER 22, 1999 DEFENDANTS FERNANDEZ, AMBRIZ AND DOE B SAT ON THE ASC AND DENIED THE PLAINTIFF HIS LEVEL PROMOTION FOR A DISOBEYING VERBAL ORDERS CASE PLAINTIFF RECIEVED ON OCTOBER 24, 1999. DISOBEYING VERBAL ORDERS IS NOT ASSAULTIVE OR AGGRESSIVE WITHIN THE MEANING SET OUT IN AD-03.50. THE PLAINTIFF COULD HAVE AND SHOULD HAVE BEEN PROMOTED TO LEVEL ONE OR AT LEAST LEVEL TWO AT THIS ASC HEARING.

28. ON DECEMBER 21, 1999 DEFENDANTS LANG, DOE C AND DOE D SAT ON THE ASC AND DENIED THE PLAINTIFF HIS LEVEL PROMOTION FOR REASONS THAT ARE NOT READILY DISCERNABLE FROM THE FACE OF THE "MANAGEMENT LEVEL REVIEW SHEET" THE PLAINTIFF RECIEVED ON 12-21-99. THE PLAINTIFF SHOULD HAVE NEVERTHELESS BEEN PROMOTED TO LEVEL ONE AT THIS ASC HEARING.

CLAIM FOR RELIEF

29. THE ACTIONS OF DEFENDANTS WALLACE, N. JACKSON, MILES, S. JACKSON, DOE A, VASQUEZ, FERNANDEZ, AMBRIZ, DOE B, LANG, DOE C AND DOE D IN DENYING THE PLAINTIFF HIS PROMOTION TO LEVEL TWO AND/OR LEVEL ONE WITHOUT JUSTIFICATION INTERFERED WITH THE PLAINTIFFS STATE CREATED LIBERTY INTEREST TO BE FREE OF BEING DENIED HIS LEVEL PROMOTIONS

ARBITRARILY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

RELIEF SOUGHT

WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF.

A. ISSUE A DECLARATORY JUDGMENT STATING THAT:
   1. THE UNJUSTIFIED DENIALS OF THE PLAINTIFFS' LEVEL PROMOTIONS BY DEFENDANTS WALLACE, N. JACKSON, MILES, S. JACKSON, DOE A, VASQUEZ, FERNANDEZ, AMBRIZ, DOE B, LANG, DOE C AND DOE D INTERFERED WITH THE PLAINTIFFS' STATE CREATED LIBERTY INTERESTS AND VIOLATED THE PLAINTIFFS' RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

B. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT:
   1. $29,900 JOINTLY AND SEVERALLY AGAINST DEFENDANTS WALLACE, N. JACKSON, MILES, S. JACKSON, DOE A, VASQUEZ, FERNANDEZ, AMBRIZ, DOE B, LANG, DOE C AND DOE D FOR THE INDIRECT PUNISHMENTS SUFFERED AND THE MENTAL ANGUISH AND EMOTIONAL DISTRESS SUSTAINED FROM THEIR DENIAL OF DUE PROCESS AND FOR THE COSTS INCURRED IN THE FILING AND PROSECUTION OF THIS SUIT AT LAW.

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:
   1. $1000 EACH AGAINST DEFENDANTS WALLACE, N. JACKSON, LANG, S. JACKSON, FERNANDEZ, AMBRIZ AND DOE C; AND
   2. $500 EACH AGAINST DEFENDANTS MILES, DOE A, DOE B, VASQUEZ, DOE D.

PG. 6 OF 7 PP.

D. GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THE PLAINTIFF IS ENTITLED.

DATE: _____

RESPECTFULLY SUBMITTED,

*Chad E. Singleton*

CHAD E. SINGLETON, PLAINTIFF PRO SE
#685670
McCONNELL UNIT
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING ALLEGATIONS AND STATEMENTS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATE: _____

*Chad E. Singleton*

CHAD E. SINGLETON, PRO SE

PG. 7 OF 7 PP.