United States District Court
Southern District of Texas
ENTERED
APR 20 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHAD E. SINGLETON | § | |
| | § | |
| V. | § | C.A. NO. C-00-62 |
| | § | |
| DARREN WALLACE, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Proceeding *pro se* and *in forma pauperis*, plaintiff filed his complaint (D.E. 1) alleging violations of the due process clause of the Fourteenth Amendment in connection with prison a disciplinary conviction. Plaintiff brings suit against Darren Wallace, Norris Jackson, Johnny Miles, Stacy Jackson, Hector Vasquez, Daniel Hernandez, Aurelio Ambriz, Edwin Lang, and four John Doe defendants, all of whom are employees of the McConnell Unit, Texas Department of Criminal Justice - Institutional Division. Plaintiff seeks a declaratory judgment that the actions of the defendants violated his due process rights, compensatory damages in the amount of $29,900, and punitive damages.

For the reasons discussed below, it is recommended that plaintiff's claim be dismissed for failure to state a claim upon which relief can be granted.

### I.  BACKGROUND

Plaintiff challenges the failure of prison officials to promote him to a classification status at a lower security level within administrative segregation.

According to TDCJ-ID administrative directive 3 50, there are three security levels in administrative segregation. The directive provides that inmates housed in administrative segregation will be reviewed every thirty days by a committee called the Administrative Segregation Committee

("ASC") to determine whether they are housed at the proper security level, or whether their security level should be changed. During these reviews, the inmate's recent disciplinary history is taken into consideration, as well as other factors. Plaintiff claims that, during three such reviews, he was denied due process of law. First, he claims that on September 23, 1999, the ASC denied him a "promotion" to a "level two" security classification because of a disciplinary case that was not recent. Second, on October 22, 1999, the ASC denied another promotion, allegedly for no reason at all. Third, on November 22, 1999, the ASC denied plaintiff a promotion based on a disciplinary case that plaintiff contends was outside the domain of cases to be considered. Plaintiff asserts that each one of these three reviews should have resulted in a promotion to classification level two. Plaintiff does not describe the benefits conferred by such a promotion.

## II. APPLICABLE LAW

### A. In Forma Pauperis screening

"The federal *in forma pauperis* statute enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989) (citing Adkins v. E.I. DuPont de Nemours & Co. 335 U.S. 331, 342-43, 69 S. Ct. 85, 90-91 (1948)). The *in forma pauperis* statute provides that the Court shall dismiss the case if the Court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A pleading fails to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) when the claimant can prove no set of facts entitling him to relief. Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

2

## III. DISCUSSION

### A.  Due process claim

Plaintiff challenges TDCJ-ID's failure to promote him to a classification with lower-level security, and seeks damages for the loss of privileges that would have accompanied the re-classification.  The Court finds plaintiff has failed to allege an actionable constitutional claim under § 1983.  Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

"Section 1983 is an appropriate legal vehicle to attack unconstitutional conditions of confinement."  Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).  Relief cannot be granted, however, absent the allegation by the plaintiff of a deprivation of a constitutional or statutorily-created right.  Hilliard v. Bd. of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985).  Thus, in order to proceed with his claim, plaintiff must invoke a constitutionally protected liberty interest.  Plaintiff attempts to do so by pointing to a prison regulation that provides for review and re-classification of inmates.  This attempt fails.

While the prison regulation cited by plaintiff may provide for review by prison officials, it does not confer on him a liberty right in any promotion for which he is eligible.  Under the strictures set forth by the Supreme Court in Sandin v. O'Connor, supra, prisoners may no longer "peruse state statutes and prison regulations searching for the grail of limited discretion."  Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).  While states may, under certain circumstances, create liberty interests which invoke the Due Process Clause, these interests are generally limited to freedom from restraints which "impose[] atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of

prison life." Sandin, 515 U.S. at 473, 115 S.Ct. at 2294. Plaintiff must therefore point to an extraordinary deprivation aberrant in the typical prison context.

The interest asserted by plaintiff: re-assignment to a new classification within administrative segregation, implicates no due process rights. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Turner v. Johnson, 46 F.Supp. 2d 655, 664-65 (S.D.Tex. 1999). This is true even if the re-assignment affects the plaintiff's ability to earn good-time credits, since the ability to earn good-time is merely a collateral consequence of an inmate's custodial status. Id. In addition, while plaintiff does not describe the privileges that he forfeited as a result of the failed promotion, the loss of any "privileges" provided to inmates on administrative segregation would not constitute "a dramatic departure from the basic conditions" of his sentence. Sandin, 115 S. Ct. 1301; Cf. Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254 (1980) (transfer to a mental hospital implicates liberty interest under the Due Proces Clause); Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028 (1990) (forcible administration of psychotropic drugs implicates liberty interest). The privileges which often accompany line class changes, such as fewer commissary restrictions and fewer cell restrictions, fail to amount to a liberty interest that merits due process protection. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Since plaintiff cannot show that his constitutional rights to due process were violated, plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, it is recommended that his claim be dismissed with prejudice.

## IV. RECOMMENDATION

For the foregoing reasons it is recommended that plaintiff's action be dismissed for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 18 day of April, 2000.

*[signature]*
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

6